# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROSAIDI CARMELINA VASQUEZ BATEN,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, *et al.*,

Respondents.

Case No. 26-cv-03386-BAS-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Rosaidi Carmelina Vasquez Baten filed a habeas petition pursuant to 28 U.S.C. § 2241 requesting a bond hearing. (ECF No. 1.) The Government responded to the Petition, indicating Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.) However, the Government requests 14 days to hold the bond hearing because of "heavy caseloads and staffing levels." (*Id.*) Petitioner replies asking that the bond hearing be held within 7 days. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.

26cv3386

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since she is seeking release from custody, she has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner, a Guatemalan citizen, entered the United States on November 13, 2003, without inspection. (Pet. ¶¶ 15, 40, ECF No. 1) She has been living in Florida since then. (*Id.*) Immigration and Customs Enforcement ("ICE") arrested Petitioner in Florida on April 26, 2026. (*Id.* ¶ 41.) Since her arrest, the Department of Homeland Security ("DHS") has refused to grant her request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 45.) She is currently being held at the Otay Mesa Detention Center. (*Id.* ¶ 16.)

The Central District of California certified a class of which Petitioner was initially a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496

26cv3386

(S.D. Cal. Feb. 2, 2026). The Government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.)

For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. Although the Government requests that it be given 14 days to hold a bond hearing, it has been aware of the opinion in *Maldonado-Bautista* since November 2025, yet the Government still requires a habeas petition to enforce the order out of the Central District of California. In addition, this Petition was filed June 4, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide her with a bond hearing since then. Accordingly, the Government has had plenty of time despite its "heavy caseloads and staffing levels" to schedule a bond hearing. Petitioner requests seven days, and the Court finds that is appropriate.

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Rosaidi Carmelina Vasquez Baten (A# 221-486-922) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: June 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3386